FREDERICK BRANDT, Respondent, *v.* GEORGE SCHMECKENBECHER and Others, Defendants; GEORGE PFISTER and Others, Appellants; DAVID G. BURTON, Respondent.

*Mechanic's lien — expiration of, by lapse of time — lien not renewed by the lienor's being subsequently made a party in an action to foreclose another lien — § 6, chap. 342 of 1885.*

In an action brought to foreclose a mechanic's lien a demurrer was interposed to the complaint on the ground of a defect of parties, in that other lienors had not been joined as defendants. The demurrer was sustained, and the order sustaining the demurrer provided that the plaintiff should be allowed to amend the summons and complaint by making the other lienors parties defendant. This was subsequently done, and service of the amended summons and complaint was made upon the subsequent lienors more than one year after the filing of their liens. Such lienors thus made parties defendant had not commenced an action to foreclose their liens within one year after the filing thereof, nor had they obtained an order of the court continuing their liens.

*Held,* that, although under the provisions of section 6, chapter 342 of the Laws of 1885, had the appellants been made parties to the action before the expiration of the year by the original summons their liens would have been kept alive, yet, as their liens had expired before the summons was amended, the amendment could not have the effect of reviving the liens; that which the statute declares to be dead, the court cannot by order restore to life.

APPEAL by the defendants, George Pfister and others, from that portion of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of November, 1894, upon the report of a referee, which dismisses the mechanics' liens claimed by the appellants.

*Early & Prendergast,* for the appellants.

*Philip L. Wilson,* for the plaintiff and respondent.

*Milo J. White,* for the defendant and respondent Burton.

PARKER, J. :

Complaint is made by the appellants of the decision of the learned referee in two respects : *First.* Of the holding that the liens of the appellants had expired by operation of the statute. *Second.* Of the determination that the question whether the liens had expired was before the court for adjudication.

The plaintiff and the appellants filed their liens on the 1st and 2d days of October, 1891. The appellants did not commence an action to foreclose their liens, or either of them, within one year after such filing, nor obtain an order of the court continuing such liens.

This plaintiff commenced his action within the year, to wit, September 9, 1892, and had he made these appellants parties defendant, they would be within the protection of the further provision of section 6 of chapter 342, Laws of 1885, which reads, " and when a claimant is made a party defendant to any action brought to enforce any other lien, such action shall be deemed an action to enforce the lien of such defendant, who is a claimant within the provisions of this act."

But, having failed to do that, affirmative action on the part of these appellants within the year was necessary to longer continue the life of their liens.

They failed to take any steps whatever, and the presence of the straws at which they grasp on this appeal is due to the fact that the owner demurred to the complaint on the ground of defect of parties, in that other lienors, including these appellants, had not been joined as defendants. The demurrer was sustained by an order made February 10, 1893, by which it was further provided that the plaintiff should be allowed to amend the summons and complaint by making the other lienors parties defendant. This was subsequently done, and service of such amended summons and complaint was made upon these appellants April 21, 1893.

Because the appellants were necessary parties to a successful prosecution of plaintiff's action they urge that their omission should not work to their prejudice. But it will serve no good purpose to pursue that suggestion. It is sufficient to observe that the statute does not provide that the commencement of an action by a lienor shall be deemed an action by every other lienor to enforce his lien, but that such shall be its effect only as to a claimant made *a party defendant.*

The language of the statute is clear and unambiguous. It does not admit of a construction which gives to the making and non-making of a claimant a party defendant in an action to enforce a lien, precisely the same potency for continuing the life of his lien.

As the lien of these appellants had expired before the summons was amended, the amendment could not have the effect of reviving the lien. That which the statute declares to be dead the court cannot by order restore to life.

The suggestion that the question as to the running of the statute against the appellants' liens was not before the court seems to be without merit. It is distinctly presented by the answer of D. G. Burton, one of the lienors.

The judgment should be affirmed, with costs to the respondent Burton.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs to respondent Burton.